UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| *In re*: Hampton M. Young<br>Attorney at Law, Bar No. 11 | Case No. 2:22-ms-00035<br><br>ORDER |

**I.   SUMMARY**

This is an attorney discipline matter. Before the Court is Attorney Hampton M. Young's petition for reinstatement (the "Petition"). (ECF No. 7.) As further explained below, the Court will grant the Petition.

**II.   BACKGROUND**

Following his suspension by the Wyoming Supreme Court, the Nevada Supreme Court reciprocally suspended Attorney Young for one year in 2022. (*Id.* at 5-6.) This Court ordered Young to show cause why it, in turn, should not also reciprocally suspend Young. (ECF No. 1.) He did not timely respond to the Court's show cause order, so the Court reciprocally suspended him. (ECF No. 4.)

The Petition followed. In his Petition, Young explains that he has since been reinstated by both the Wyoming and Nevada Supreme Courts, so he asks the Court to reinstate him as well. (ECF No. 7 at 1-3.) He attaches copies of the reinstatement orders from the Wyoming (*id.* at 29-30) and Nevada Supreme Courts (*id.* at 42). He also attaches a certificate of good standing from the State Bar of Nevada dated February 24, 2024. (*Id.* at 45.)

**III.   DISCUSSION**

Local Rule IA 11-7(i) states that an attorney who is the subject of an order of suspension "may petition for reinstatement to practice before this court or for modification

of the order as may be supported by good cause and the interests of justice." LR IA 11-7(i). The Rule further provides: "if the attorney was readmitted by the supervising court or the discipline imposed by the supervising court was modified or satisfied, the petition must explain the situation with specificity, including a description of any restrictions or conditions imposed on readmission by the supervising court." *Id.* However, the decision as to whether and under what circumstances the attorney will be reinstated to practice before this Court is left to the discretion of the Chief Judge, or other reviewing Judge if the Chief Judge refers the matter to another judge. *See id.*; *see also* LR IA 11-7(a).

The Court will grant the Petition because Young has sufficiently demonstrated he is an attorney in good standing with the State Bar of Nevada free from any probationary conditions, and his been reinstated by the other pertinent courts. (ECF No. 7 at 45 (certificate of good standing); *see also id.* at 29-30, 42 (reinstatement orders from other courts).) The Court thus finds that Young has shown cause to be readmitted to the bar of this Court.

**IV.  CONCLUSION**

It is therefore ordered that Young's petition for reinstatement (ECF No. 7) is granted.

DATED THIS 1st Day of March 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and LR 5-1, I hereby certify that I am an employee of the United States District Court, and that on this 4th day of March 2024, I caused to be served a true and correct copy of the foregoing Order to the following party via Certified Mail, Return Receipt Requested, via the United States Postal Service, in a sealed envelope, postage prepaid, to the following:

>Hampton M. Young, Jr.
>3956 SW Condor Ave.
>Portland, OR 97239
>
>Certified Mail No.: 91 7199 9991 7038 8827 2285

>/s/ Sharon H.
>Deputy Clerk
>United States District Court,
>District of Nevada